UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-22685-CIV- TORRES

[CONSENT CASE]

BERTA JACKELINE MONCADA
BARILLAS,

        Plaintiff,
vs.

V&R SERVICE INC.
DROISE VALDES
CARIDAD M. GONZALEZ

        Defendants.

## PLAINTIFF'S VERIFIED MOTION/AFFIDAVIT FOR FEES AND COSTS IN COMPLIANCE WITH THE COURT'S ORDER [DE74]

COMES NOW the Plaintiff, by and through undersigned counsel, and files the above-described Motion/Affidavit, and in support thereof states as follows:

1. On October 13, 2013, the Court entered an Amended Final Judgment in favor of Plaintiff and against Defendants on all counts for the amount of $145,356.00 for the Plaintiff and $50,826.40 for attorney's fees and costs, plus post-judgment interest. [DE56].

2. On February 13, 2018, Plaintiff served Defendant Droise Valdes and the 30(b)(6) Corporate Representative of V&R SERVICE INC. D/B/A V & R HOME CARE, with a Subpoena for Deposition In Aid of Execution *Duces Tecum*, and for same to occur on March 5, 2018. This deposition would provide Plaintiff with an opportunity to determine the financial status of the Corporate Defendant in relation to collection proceedings.

3. On February 13, 2018, the undersigned firm organized for a court reporter and translator to be in attendance for the deposition and Plaintiff's counsel prepared accordingly for the

deposition and expended attorney time. However, Defendant Droise Valdes and the 30(b)(6) Corporate Representative of V&R SERVICE INC. D/B/A V & R HOME CARE did not make an appearance. Such resulted in wasted attorney preparation time, subpoenas service, and costs associated with the court reporter and translator.

4. Given the failure to appear, Plaintiff moved the Court to compel the deposition in aid of execution *duces tecum* of Defendant Droise Valdes and the 30(b)(6) Corporate Representative of V&R SERVICE INC. D/B/A V & R HOME CARE and for fees and costs [DE73]. *See also, DiFrancesco v. Home Furniture Liquidators, Inc.*, 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009); *See also,* 28 U.S.C. § 1920 (which allows for the recovery of costs).

5. The Court granted Plaintiff's Motion [DE74] and held that Defendant Droise Valdes and the 30(b)(6) Corporate Representative of V&R SERVICE INC. D/B/A V & R HOME CARE "shall jointly and severally pay all fees and costs accrued in connection with Plaintiff's Motion and Defendants' Failure to Appear…all fees that preceded the filing of the motion as well as any fees incurred for additional motions for contempt as a means of enforcing the Court's Order shall be assessed. *Id.*

6. Therefore, Plaintiff respectfully requests that this Honorable Court grant this Motion and enter an Order awarding Plaintiff's counsel costs in the amount of **$632.50** and fees in the amount of **$2,917.50** in relation to the Court's Order [DE69] and all related work (totaling **$3,550.00** in fees and costs).

**MEMORANDUM OF LAW**

The Court has authority pursuant to FRCP 37(a) to compel the depositions. *Hepperle v. Johnston et al.*, 590 F.2d 609, 612 (5th Cir. 1979). In *DiFrancesco v. Home Furniture*

*Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), this Court found that attorney's fees related to collection on a final default judgment was available in FLSA cases.

**The Court granted Plaintiff's Motion [DE74] and held that Defendant Droise Valdes and the 30(b)(6) Corporate Representative of V&R SERVICE INC. D/B/A V & R HOME CARE "shall jointly and severally pay all fees and costs accrued in connection with Plaintiff's Motion and Defendants' Failure to Appear…all fees that preceded the filing of the motion as well as any fees incurred for additional motions for contempt as a means of enforcing the Court's Order shall be assessed.** *Id.*

In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar." Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee. *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984). In determining appropriate fees, the court is guided by the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), and approved in *Blanchard v. Bergeron,* 489 U.S. 87, 91-92, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of

the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The Plaintiff relies on the Court's own expertise to establish a reasonable fee and cost award in this case. *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).[1] Furthermore "[t]he court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303)." *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 U.S. Dist. LEXIS 45771, 8-9 (S.D. Fla. Mar. 9, 2005).

Plaintiff's Counsel seeks attorneys' fees for J.H. Zidell, Esq., David Kelly, Esq., Natalie Staroschak, Esq., and Neil Tobak, Esq. Attorney J.H. Zidell, Esq., is licensed to practice law in the State of Florida (1994) and the United States District Court for the Southern District of Florida and his Firm has been primarily handling FLSA cases, similar to the instant lawsuit, for approximately 18 years. J.H. Zidell, Esq., has multiple published and unpublished Eleventh Circuit Appellate decisions on various cases primarily related to the handling of FLSA cases.Attorney David Kelly, Esq., is licensed to practice law in the State of Florida and the United States District Court for the Southern District of Florida and has been primarily handling FLSA cases, similar to the instant lawsuit, for over 10 years. Attorney Natalie Staroschak, Esq. is licensed to practice law in the State of Florida, and the United States District Court for the

---

[1] "In *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11th Cir.1988), we discussed the standards that apply to determine hourly rates and hours expended. We defined a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). To determine reasonable hours expended, we explained a district court could use its discretion to exclude "excessive or unnecessary work on given tasks."" *Norman*, 836 F.2d at 1301. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. Ga. 1997).

Southern District of Florida, and has been handling FLSA cases of this nature for approximately six (6) months at the undersigned Firm. Attorney Neil Tobak, Esq. is licensed to practice law in the State of Florida and the United States District Court for the Southern District of Florida and has been handling FLSA cases of this nature for approximately one (1) year at the undersigned Firm.

Based on the credentials of each attorney herein, including the amount of time each attorney has been in practice, particularly in the area of labor and employment law, the Court should find the hourly rates to be reasonable. *See, Norman v. Hous. Auth. of Montaomerv,* 836 F.2d 1292, 1303 (11th Cir. 1988) (noting that the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees"). This Court has found the aforementioned attorneys' hourly rates for these attorneys in a FLSA case, based on the experience each of the Plaintiff's attorneys has in this area of the law, to be reasonable and awarded said fees. *See Flores v. Wheels America Miami, Inc., et SL.,* Case No.: 13-21672-CIV-GOODMAN; *See also Perez et al. v. Anastasia M. Garcia, P.A., et al.,* Case No.: 15-20615-CIV-O'SULLIVAN; *See also, Marengo, et al. v. Doorman's Private Ride Service, Inc., et al.,* Case No.: 15-22758-CIV-OTAZO-REYES [CONSENT CASE] [DE133]; *See also* Magistrate Judge Turnoff's Order of March 25th, 2010 finding the undersigned firm's slightly lower rates over (5) years ago to be reasonable in the case of *Reis v. Thierry's Inc. et.al.,* Case 08-20992-CIV-Turnoff [DE 110]; *See also, Silva v. Miller,* 547 F. Supp. 2d 1299, 2008 U.S. Dist. LEXIS 32660 (S.D. Fla., 2008) regarding Judge Seitz's determined approximately (8) years ago regarding rates awarded to J.H. Zidell, Esq.

Plaintiff seeks fees in the total amount of **$2,917.50** as set forth *supra*. The undersigned has reviewed all of the attorneys' fee data referenced herein in good faith, and this motion is well grounded in fact.

| Attorney | Hourly Rate | Hours Billed | Date and Description of Work Performed | Total (Hurly Rate X Hours Billed) |
|---|---|---|---|---|
| Neil Toback, Esq. | $290.00/hr. | .75 | 01/10/18: Notice of filing statutory notice, prepare envelopes, and send to Defendants by Certified Mail. | $217.50 |
| Neil Toback, Esq. | $290.00/hr. | .75 | 02/19/18: Draft, review, file motion to disburse funds and proposed Order. | $217.50 |
| David Kelly, Esq. | $350.00/hr. | 0.8 hours | 03/07/18: Review file and begin drafting motion to compel collections depos; office confer re same and attention to procedure and collections history of case; email to former Defendant Counsel Pelier to confirm he no longer represents defendants and he confirmed he no longer represents Defendants. | $280.00 |
| David Kelly, Esq. | $350.00/hr. | 0.2 hours | 03/08/18: Continue compiling documents to draft motion to compel | $70.00 |

| | | | | |
|---|---|---|---|---|
| | | | collections depositions, review file and office confer w/staff regarding the same. | |
| David Kelly, Esq. | $350.00/hr. | 0.9 hours | 03/09/18: Draft Motion to Compel Collections depositions and for sanctions and file same. | $315.00 |
| David Kelly, Esq. | $350.00/hr. | 0.2 hours | 03/26/18: Review Order to compel depositions calendar deadlines to track and email to staff and co-counsel regarding compliance issues. | $70.00 |
| Natalie Staroschak, Esq. | $285.00/hr. | 0.8 hours | 04/11/18: Draft notice of compliance with Docket Number 74. | $228.00 |
| Natalie Staroschak, Esq. | $285.00/hr. | 0.5 hours | 04/11/18: Analyze the docket to ensure service to the correct individuals and ensure proof of service needs to be electronically filed. | $142.50 |
| Natalie Staroschak, Esq. | $285.00/hr. | 1 hour | 04/18/18: Draft Motion for Fees and Costs as provided in Docket Entry 74. | $285.00 |
| Natalie Staroschak, Esq. | $285.00/hr. | 0.3 hours | 04/18/18: Draft proposed Order on Motion for Fees and Costs. | $85.50 |

| Natalie Staroschak, Esq. | $285.00/hr. | 0.5 hours | 04/20/18: Research relating to drafting a motion for attorney's fees and costs. | $142.50 |
|---|---|---|---|---|
| Natalie Staroschak, Esq. | $285.00/hr. | 1 hour | 04/24/18: Draft revised motion for attorneys fees and costs as per this Courts Order for failure of the Defendants to appear at their depositions. | $285.00 |
| Natalie Staroschak, Esq. | $285.00/hr. | 0.5 hours | 04/25/18: Finalize motion for attorney's fees and costs after meeting with J.H. Zidell for a thorough review of the same. | $142.50 |
| Natalie Staroschak, Esq. | $285.00/hr. | 0.3 hours | 04/25/18: Draft a bill of costs and collect all receipts. | $85.50 |
| J.H. Zidell, Esq. | $390.00/hr. | 0.9 hours | 04/25/18: Review of relevant pleadings and edits and corrections to fee motion and review of docket. | $351.00 |

The Eleventh Circuit has gone so far to hold that "fees on fees" are compensable *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010). *See also,* this Court's Order in *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1318 (S.D. Fla. 2009) awarding fees to party for filing post trial motion on fees. Consequently, Plaintiff's counsel may need to supplement the instant motion in relation to fees that continue to accrue during this fee motion process and

regarding post-trial matters and herein includes fees and costs in relation to work performed subsequent to the entry of the Court's Order [DE74].

Plaintiff has incurred the total amount of **$632.50** following costs in relation to the Court's Order [DE69] as follows:

| | |
|---|---|
| Court Reporter 03/05/18 | $222.50 |
| Translator 03/05/18 | $250.00 |
| Process Server (Service of Subpoenas) 10/20/17 | $80.00 |
| Process Server (Court Order [DE74]) 1/2/18 | $80.00 |

*See,* Exhibit "A" – Bill of Costs along with the underlying invoices.

WHEREFORE Plaintiff respectfully requests that this Honorable Court grant this Motion and enter an Order awarding Plaintiff's counsel costs in the amount of **$632.50** and fees in the amount of **$2,917.50** in relation to the Court's Order [DE74] and all related work (totaling **$3,550.00** in fees and costs).

### CERTIFICATE OF CONFERRAL

The subject Motion was filed in accordance with the Court's Order [DE74]. No Defendants have appeared in this matter to confer with prior to the filing of the instant Motion.

_____
J. H. ZIDELL, ESQ.
J. H. ZIDELL, P.A.
F.B.N. 10121
ATTORNEY FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766

ON 4.25.18 ; J. H. ZIDELL, ESQ., APPEARED AND WHO IS PERSONALLY KNOWN TO ME AND AFFIRMED THAT THE CONTENTS AND ATTACHMENTS TO THIS FEE AND COST MOTION ARE CORRECT.

_____
NOTARY PUBLIC/STAMP

Natalie Staroschak
COMMISSION #FF198424
EXPIRES: February 11, 2019
WWW.AARONNOTARY.COM

Respectfully submitted,

NATALIE STAROSCHAK, ESQ.
J.H. ZIDELL, P.A.
ATTORNEY FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FL 33141
PH: 305-865-6766
FAX: 305-865-7167
EMAIL: NSTAR.ZIDELLPA@GMAIL.COM
F.B.N. 116745


BY:___/s/___Natalie Staroschak_____
NATALIE STAROSCHAK, ESQ.


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Notice was sent via U.S. mail to V&R Service, Inc. d/b/a V&R Home Care at 15995 SW 53 TERRACE, MIAMI, FL 33185, and to Droise Valdes at 15995 SW 53 TERRACE, MIAMI, FL 33185 on this 25th day of April, 2018.

BY:___/s/___Natalie Staroschak_____
NATALIE STAROSCHAK, ESQ.